IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DESGRANGE AUGUSTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 318-009 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's Motion to Dismiss (doc. no. 9) be **GRANTED**, the petition be **DISMISSED** without prejudice, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I. BACKGROUND**

On October 7, 2016, Officer Ronald Haskins was delivering inmate mail to cell K03-201 when he saw Petitioner sitting on a toilet with a black cell phone. (Doc. no. 1-1, p. 14.) While Officer Haskins never recovered a cell phone from Petitioner, he filed Incident Report #2904789 alleging Petitioner was in possession of a hazardous tool, namely the black cell phone. (Id. at 13.) Prison officials provided Petitioner with notice of the charged misconduct on the same day. (Id.) The Committee referred the Incident Report to a

Disciplinary Hearing Officer for disposition. (Id.)

After notifying Petitioner in writing, Discipline Hearing Officer ("DHO") L'Drica King conducted Petitioner's disciplinary hearing on October 18, 2016. (King Decl. ¶¶ 7-10, doc. no. 9-2; doc. no. 9-2, Attch. 1.) Despite being afforded the opportunity to do so, Petitioner did not call any witnesses, present any documentary evidence, or request staff assistance. (King Decl. ¶ 11; doc. no. 9-2, Attch. 2, pp. 1-2.) After the hearing, DHO King found Petitioner committed the infraction of possessing a hazardous tool based on the eyewitness account and written statement of Officer Haskins. (King Decl. ¶ 12; doc. no. 9-2, Attch. 2, pp. 3-4.) DHO King gave Petitioner a copy of her written decision. (King Decl. ¶ 16; doc. no. 9-2, Attch. 2, p. 4.)

The DHO Oversight Specialist in the Bureau of Prisons' ("BOP") Privatization Management Branch in Washington, D.C., reviewed Petitioner's hearing and certified DHO King's report as complying with BOP Program Statement 5270.09. (King Decl. ¶ 14; doc. no. 9-2, Attch. 3.) Petitioner submitted a BP-10 level challenging the disciplinary action. (Dykes Decl. ¶ 6, doc. no. 9-1; doc. no. 9-1, Attch. 2.) However, Petitioner never submitted a BP-11 appeal. (Id.)

Respondents move for dismissal on the basis Petitioner failed to exhaust his remedies by failing to submit a BP-11 appeal. (Doc. no. 9, pp. .) The Court agrees and **GRANTS** the motion, as explained below.

## II. DISCUSSION

### A. The Exhaustion Requirement

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015); Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016). Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo, 785 F.3d at 474-75. However, "a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. at 475 (citation omitted).

The Eleventh Circuit has previously held there is no futility exception to the requirement to exhaust administrative remedies under § 2241. McGee v. Warden, FDC Miami, 487 F. App'x 516, 518 (11th Cir. 2012). However, in determining that no futility exception is available, the court relied on the jurisdictional nature of the exhaustion requirement for § 2241 petitions. Id. Since the court held in Santiago-Lugo the exhaustion requirement is not jurisdictional for § 2241 petitions, the court has not again addressed whether a futility exception exists. Regardless, courts which apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*); see also Jones v. Zenk, 495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D.

Ga. July 6, 2007) (applying futility exception where BOP predetermined by rulemaking issue Petitioner challenged).

### B. Legal Standard for Exhaustion

Where, as here, Defendant has filed a motion to dismiss based on failure to exhaust administrative remedies, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions. First, the Court looks to the factual allegations made by both parties, taking the petitioner's version as true where they conflict, and if in that light the complaint is subject to dismissal for failure to exhaust administrative remedies, Defendant's motion will be granted. Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citations omitted), *cert. denied*, 555 U.S. 1074 (2008)).

If the petition is not subject to dismissal at the first step, then at step two the Court makes specific findings to resolve the disputed factual issues, with Defendant bearing the burden of proving Plaintiff has failed to exhaust his administrative remedies. Id. Based on its findings as to the disputed factual issues, the Court determines whether the prisoner has exhausted his available administrative remedies and thus whether the motion to dismiss should be granted. Id. Because exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008) (citations omitted).

### C. BOP Administrative Remedy Program

The BOP Administrative Remedy Program allows an inmate to seek formal review of any issue related to his confinement. 28 C.F.R. § 542.10. A prisoner may appeal a disciplinary decision to the Regional Director using the BP-10 form within twenty calendar days of the decision. Dykes Decl. ¶ 5; 28 C.F.R. § 542.15(a). Inmates residing in BOP contract facilities have thirty days to begin the administrative process. Dykes Decl. ¶ 5. If the inmate's BP-10 appeal is denied, he may appeal using the BP-11 form to the National Inmate Appeals Administrator in the Central Office of BOP within thirty days of the BP-10 denial. Dykes Decl. ¶ 5; 28 C.F.R. § 542.15(a). Once an inmate has completed the BP-10 and BP-11 appeals, he has exhausted BOP administrative remedies process. Dykes Decl. ¶ 5.

### D. Petitioner's Failure to Exhaust

Petitioner acknowledges the Central Office never received his BP-11 appeal, but contends it was lost in the mail. (Doc. no. 10, p. 1.) However, Petitioner provides no proof he ever mailed his appeal. Indeed, Counselor T. Fordham informed Petitioner when addressing his complaint internally, "If you mailed the BP11 certified and have proof, via the certified receipt, then we can prove to the Central Office that they received the appeal and they will need to answer. Without that proof, we cannot appeal the issue further." (Doc. no. 1-1, p. 8.) All Petitioner provided was "the draft that was used to prepare" the appeal, which includes only Petitioner's hand written notes with no signature or date indicating when it was prepared. (Id. at 2-4.)

5

Moreover, once Petitioner received notice that his appeal was not received by the Central Office, he did not attempt to again appeal the hearing decision, despite being informed of his ability to do so. (See doc. no. 1-1, p. 1) ("I met with you today to explain that DHO appeals can only be made to the Bureau of Prisons . . . . You and I also talked about options for proceeding with your appeal. You stated that you were going to court."). Such failure to pursue an appeal renders Petitioner's claims unexhausted. See O'Brien v. Seay, No. 5:04cv228-SPM/EMT, 2007 WL 788457, at 11-*12 (N.D. Fla. Mar. 3, 2007) (finding petitioner failed to exhaust administrative requirement where "instead of attempting to refile the BP-9 grievances [not received by the warden], Plaintiff proceeded to the next level and brought the instant action in federal court . . . ."); Martin v. Sherrod, No. 1:11-CV-00222, 2011WL 3626050, at *2 (W.D. La. July 28, 2011) (finding petitioner failed to exhaust administrative remedies where Central Office appeal allegedly lost and petitioner did not file additional appeal); Solomon v. Chapa, No. EP-13-CV-111-PRM, 2013 WL 8479865, at *4 (W.D. Tex. Dec. 27, 2013) (finding petitioner failed to exhaust administrative remedies where petitioner agreed no record of appeal on file with Central Office); cf. Singletary v. Reed, No. 06-C-323-C, 2006 WL 1896880, at *2-*4 (W.D. Wisc. July 7, 2006) (finding petitioner could show exhaustion of administrative remedies where he filed request to submit untimely appeal after first appeal allegedly lost in mail).

Because Petitioner offers no tangible proof to support his assertion he filed a BP-11 appeal nor has he attempted to file an appeal since receiving notice his "lost" appeal never reached the Central Office, he failed to exhaust his administrative remedies. Furthermore, even if the futility exception is available in the § 2241 context, Petitioner has alleged no

"extraordinary circumstances" showing exhaustion would be futile, and thus, his petition should be dismissed. Santiago-Lugo, 785 F.3d at 475; McGee, 487 F. App'x at 518.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's Motion to Dismiss (doc. no. 9) be **GRANTED**, the petition be **DISMISSED** without prejudice, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 17th day of April, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA